**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SynKloud Technologies LLC and Serendia LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Aesthetics Biomedical Incorporated, <br><br> Defendant. | No. CV-22-00015-PHX-DLR <br><br> **ORDER** |

Pending before the Court is Defendant Aesthetics Biomedical Inc.'s ("ABM") motion to stay pending *inter partes* review ("IPR") and extension of time to file responsive pleading. (Doc. 18.) The motion is fully briefed (Docs. 22-24) and will be granted.

**I.     Background**

This case arises from an intellectual property dispute between ABM and Plaintiffs SynKloud Technologies LLC ("SynKloud") and Serendia LLC. SynKloud and Serendia allege ABM infringed on U.S. Patent Nos. 9,320,536 ("the '536 patent"), 9,480,836 ("the '836 patent"), 10,058,379 ("the '379 patent"), and 10,869,812 ("the '812 patent"). (Doc. 1 at 3.) Serendia is the assignee and owner of the right, title, and interest in and to the patents while SynKloud holds the exclusive right to assert all causes of action arising under the patents and the right to collect any remedies for infringement. (*Id.* at 5, 8, 10-11, 13.)

This case overlaps with two other lawsuits involving alleged infringement of the same patents based on the same technology. (Doc. 18-3 at 3.) On August 6, 2021,

SynKloud and Serendia sued Sung Hwan E&B Co., Ltd. ("SHEnB") and Cartessa Aesthetics, LLC ("Cartessa") in Texas and New York respectively ("the underlying lawsuits"). (*Id.*) About five months later, SynKloud and Serendia filed this case against ABM. (Doc. 1 at 17.) SynKloud and Serendia first notified ABM of most of the patent claims in a letter dated February 9, 2018. (*Id.* at 6.)

On December 28, 2021, Cartessa filed IPR petitions on the '536 and '812 patents. (Doc. 18-4 at 7; Doc. 18-5 at 8.) ABM later joined the petitions as a real party in interest. (Doc. 18-1 at 17.) On February 10, 2022, ABM and Cartessa filed IPR petitions on the '379 and '836 patents. (Doc. 18-6 at 7; Doc. 18-7 at 8.) ABM now requests a stay of this case pending IPR of the '536, '812, '379, and '836 patents. (Doc. 18 at 2.) ABM also requests an extension to the responsive pleading deadline. If the Court grants the request to stay, ABM requests an extension of fourteen days after the stay is lifted. If the Court denies the request to stay, ABM requests fourteen days from the denial. (*Id.*) SynKloud and Serendia oppose the stay request. (Doc. 22.)

**II.  Discussion**

The Court has the inherent authority to manage its docket and stay proceedings pending IPR. *See Parsons Xtreme Golf LLC v. Taylor Made Golf Co. Inc.*, No. CV-17-03125-PHX-DWL, 2018 WL 6242280, at *3 (D. Ariz. Nov. 29, 2018) (considering request to stay pending IPR). When considering a motion to stay pending IPR, the Court looks to three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-CV-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016). Though public policy liberally favors granting motions to stay pending IPR, the Court still must consider the totality of circumstances—a stay is never required. *Id.*

**A. Stage of Proceedings**

The Court finds the stage of proceedings favors a stay because, at the time ABM

filed its motion, discovery had not begun, and a trial date has not been set. *See Parsons*, 2018 WL 6242289 (finding the stage of proceedings weighed in favor of granting motion to stay where only one fact deposition had occurred, little expert discovery had taken place, and a trial date had not been set); *Wonderland Nursery Goods Co. v. Baby Trend Inc.*, No. EDCV 14-01153-VAP (SPx), 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (finding the stage of proceedings weighed in favor of granting motion to stay where fact discovery was not complete, expert discovery had not begun, and trial date had not been set). Although this factor would more heavily favor a stay if the Patent Trial and Appeal Board ("PTAB") had already instituted IPR, the fact that the request is pending does not outweigh the other relevant considerations. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted.").

### B. Possibility of Simplification

Although "the filing of an IPR request by itself does not simplify the issues in question," the possibility of simplification still can support a stay. *Uniloc USA Inc. v. LG Electronics U.S.A. Inc.*, No. 18-CV-06737-JST, 2019 WL 1905161 (N.D. Cal. Apr. 29, 2019) (quoting *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, No. 13-CV-02218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013)). In *Uniloc*, the Northern District of California granted a motion to stay pending IPR even though the PTAB had not yet initiated the proceedings, citing three key reasons. First, the potential IPR presented "maximum potential for simplification of issues" because all the disputed patents were challenged in IPR petitions. *Id.* Second, Patent and Trademark Office ("PTO") decisions in the pending IPR challenges could have mooted entire portions of the lawsuit, making it wasteful to contribute substantial resources to issues that might be resolved by the IPR. *Id.* Finally, the court found a relatively short stay while the PTO decided whether to proceed with the IPR challenges would not meaningfully delay the case or prejudice the parties. *Id.* The same court likewise issued a stay in *MindbaseHQ LLC v. Google LLC* when the same

three circumstances were present. No. 21-cv-03603-JST, 2021 WL 6882409, at *2 (N.D. Cal. Nov. 1, 2021).

All three factors that led the court to grant the stay in *Uniloc* and *MindbaseHQ* are present here. First, all disputed patents have been challenged in IPR petitions. (Doc. 18-1 at 10.) Second, PTO decisions on the pending IPR requests could moot the entire case. (*Id.*) Finally, the pending institution decisions are due on July 19, 2022 and August 16, 2022 respectively. 35 U.S.C. § 314(b). A short stay pending the decision to institute IPR proceedings is negligible. The possibility of simplification weighs in favor of granting the stay.

### C. Prejudice to Non-Moving Party

When assessing whether a stay would unduly prejudice the non-moving party, the Court considers (1) the timing of the IPR request, (2) the timing of the request to stay, (3) the status of the IPR proceedings, and (4) the relationship of the parties. *Parsons*, 2018 WL 6242280, at *6. Though a patentee interest has an interest in the timely enforcement of its patent rights, delay alone is not usually undue prejudice. *Samsung Electronics Co., Ltd. v. Blaze Mobile, Inc.*, No. 21-cv-02989-EJD, 2022 WL 103552, at *4 (N.D. Cal. Jan. 11, 2022); *Parsons*, 2018 WL 6242289, at *3.

The first two factors favor a stay. IPR petitions must be filed within one year of service of a complaint alleging patent infringement. 35 U.S.C. § 315(b). Here, the IPR petitions for all four disputed patents were filed within six months of the complaint in the underlying lawsuits. (Doc. 1 at 7; Doc. 18-4 at 94; Doc. 18-5 at 79; Doc. 18-6 at 111; Doc 18-7 at 110.) ABM also expeditiously moved to stay proceedings within a week of receiving the filing date of the final two patents (patents '379 and '836). (Doc. 18-6 at 111; Doc 18-7 at 110; Doc 18-10 at 2; Doc 18-11 at 2.) This prompt action does not indicate intentional delay.

The third factor weighs slightly against a stay because the requests for IPR have not yet been granted. *See GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-CV-03590-JST, 2017 WL 2591268, at *5 (N.D. Cal. June 15, 2017) (finding the status of reexamination proceedings

weighed against a stay "when the PTO has not yet decided whether to grant IPR"). But there is no bright-line rule that a stay should be denied when the PTO has not yet instituted IPR. *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007) ("In light of the 'liberal policy' favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request"). Other considerations favoring a stay can outweigh the fact that the PTO has not instituted IPR proceedings. *See MindbaseHQ*, 2021 WL 6882409, at *4. Here, because other factors favor a stay, the status of the IPR proceedings does not heavily weigh against relief.

Finally, the fourth factor (the relationship of the parties) favors a stay. When parties to patent infringement cases are direct competitors, courts generally presume a stay will prejudice the non-movant. *Drink Tanks*, 2016 WL 3844209, at *5. But this presumption can be rebutted. *See Parsons*, 2018 WL 6242280, at *6. The key issue is whether "monetary damages are sufficient to compensate for harm incurred during a potential stay." *Id.* (quoting *Wonderland Nursery*, 2015 WL 1809309, at *4). Patent infringement by a direct competitor can cause "harm in the marketplace that is not compensable by readily calculable money damages." *Drink Tanks*, 2016 WL 3844209, at *5 (quoting *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011)). But the existence of multiple competitors in the same market can limit the danger of lost market share and thus rebut the presumption. *See Masimo Corp. v. Sotera Wireless*, No. 19-cv-01100-BAS-NLS, 2021 WL 321481, at *5 (S.D. Cal. Feb. 1, 2021) (finding the existence of 11 market competitors reduced the plaintiffs' danger of losing market share). A party's delay in suing for patent infringement and failure to seek injunctive relief can also rebut the presumption. *See VirtualAgility*, 759 F.3d at 1318-19 (finding a plaintiff's one-year delay in filing suit and failure to seek preliminary injunction contradicted the claim that a stay's delay would result in undue prejudice, even though the plaintiff had rational reasons for not seeking injunctive relief).

The relationship of the parties does not weigh against granting the stay. Here,

although Serendia and ABM likely are competitors because they both compete in the market for radio frequency microneedling devices (Doc. 1 at 5; Doc. 22 at 15), the existence of other market competitors reduces the risk that Serendia will face undue prejudice by lost market share.  Additionally, like the court in *VirtualAgility*, this Court finds Serendia's four-year delay in filing the lawsuit and failure to seek injunctive relief indicates any harm that might occur is not irreparable and instead can be compensated with monetary damages.  Because the circumstances surrounding the parties' relationship do not indicate Serendia will suffer harms that cannot be remedied with compensatory damages, this factor favors a stay.

**III. Conclusion**

Because the relevant factors favor a stay, ABM's motion will be granted.  Although ABM has already been granted two previous extensions of the response deadline, there is good cause to extend the responsive pleading deadline to fourteen days after the stay is lifted because the potential IPR proceedings could moot this entire case.

**IT IS ORDERED** that ABM's motion to stay pending *inter partes* review and extension of time to file responsive pleading (Doc. 18) is **GRANTED**.  This case is **STAYED** until the resolution of IPRs on the asserted patents and any associated appeals, excluding any petitions for certiorari.  The deadline to answer the complaint is extended until **fourteen days** after the Court lifts the stay.  The parties shall submit a joint status update on the IPR proceedings within **ten days** of any institution decision, within **ten days** of any final written decision, and within **ten days** of any decision on appeal.

Dated this 18th day of July, 2022.

Douglas L. Rayes
United States District Judge